# Plaintiff's Complaint Exhibit 3

Jensen/Blitt/Mile High 93A Response Letter

4 pages

# ROACH, IOANNIDIS & MEGALOUDIS, LLC

Attorneys at Law
50 Congress Street, Suite 400
Boston, Massachusetts 02109-4061

Telephone 617-723-2800
Facsimile 617-723-4313
www.rimlawyers.com

Natalie R. Megaloudis, Esq.*
NRMegaloudis@rimlawyers.com
*of counsel

November 17, 2015

By Electronic (jataylor317@gmail.com)
and First Class Mail

John Anthony Taylor, Esq.
TAYLOR LEGAL COUNSEL
18 Central Square
Bristol, NH 03222

RE: **Leah Bassett – 7 Skye Lane, Aquinnah, Massachusetts**

Dear Attorney Taylor:

Please be advised this firm and the undersigned represent Monica Jensen ("Ms. Jensen") and Mile High Media Distribution ("Mile High"). We are in receipt of your client's letter dated October 6, 2015, received by Mile High on October 18, 2015, in which your client, Leah Bassett ("Ms. Bassett"), asserts a multitude of spurious claims against my clients relating to the use of the property located at 7 Skye Lane, Aquinnah, Massachusetts ("Property"). In tendering the within response, my clients in no way concede the validity of your letter as a proper demand for relief in conformance with Chapter 93A. Please note this office does not represent Joshua Spafford (a/k/a Joshua Darling) ("Mr. Spafford"), the lessee of the Property. Without waiving my client's right to challenge your purported demand, my clients provide this response to your purported demand for payment sum exceeding $3 million dollars.

1. **Mr. Spafford is the only party liable under the Lease Agreement for any alleged rental arrearages, property damages, or any other breaches of lease.**

First and foremost, your letter is not only confusing, it makes scattershot allegations, based on conjecture and far-reaching legal conclusions, with little or no cognizable basis in law. Your letter concedes that Ms. Bassett entered into the written Lease Agreement only with Mr. Spafford, on or about October 4, 2014, for a term running until May 15, 2015.

The express terms of the Lease Agreement make it clear that Mr. Spafford is the only potential party liable to your client for any alleged rental arrearages, property damages or other claimed breach of the Lease Agreement. The Lease Agreement provides, in pertinent part:

Roach, Ioannidis & Megaloudis, LLC

> Page 2
> Re: Leah Bassett,
> 7 Skye Lane, Aquinnah, MA

> If Tenant [i.e., Mr. Spafford], by any act or omission, or by the act or omission of any of Tenant's family or invitees, licensees, and/or guests, violates any of the terms or conditions of this Lease or any other documents made a part hereof by reference or attachment, *Tenant shall be considered in breach of this Lease*.

The Lease Agreement also provides:

> *Tenant agrees* not to damage the premises through any act or omission, and *to be responsible for any damages sustained through the acts or omissions of Tenant, Tenant's family or Tenant's invitees, licensees, and/or guests*. If such damages are incurred, Tenant is required to pay for any resulting repairs at the same time and in addition to the next month's rent payment, with consequences of non-payment identical to those for non-payment of rent described herein.

Accordingly, all of Ms. Bassett's rights arising out the Lease Agreement, or any breaches thereof, are between her and Mr. Spafford. Any claims that Ms. Bassett attempts to assert against my clients for violations of a Lease Agreement that they never executed nor parties to, necessarily fail for lack of privity of contract. Mr. Spafford, with whom my clients have no legal relationship, was the sole tenant under the terms of the written Lease Agreement with Ms. Bassett and is the only party liable to Ms. Bassett under any legally cognizable claims for any alleged rental arrearages, property damages or other alleged breaches of the Lease Agreement.

Second, knowing that your claims for breach of contract fail, you allege, that Mile High and Ms. Jensen "conspire[d] to lease" your client's property. While my clients decline to be drawn into your letter's posturing with regard to such allegations, there is no basis upon which to assert that such a claim is even remotely actionable. On the contrary, my clients have never leased or otherwise contracted with Ms. Bassett concerning the Property nor did they ever assume any legal obligations under the Lease Agreement, and no tenancy was created as a matter of law.

Third, Ms. Bassett's tenant, Mr. Spafford, informed my clients they were his lawful guests on the property he was renting from Ms. Bassett. At all times my clients were lawfully on the property with Mr. Spafford's express permission and consent.

Roach, Ioannidis & Megaloudis, LLC

Page 3
Re: Leah Bassett,
7 Skye Lane, Aquinnah, MA

Fourth, you speculate without any factual basis that Mr. Spafford was "acting primarily as an agent" for my clients at the time he leased Ms. Bassett's property. To be clear, at no time did Ms. Jensen or Mile High ever have any agency, employment or other legal relationship with Mr. Spafford relative to renting Ms. Bassett's property. Mr. Spafford invited Ms. Jensen to the Property, and others, as a guest and suggested that the location was suitable for filming and photography. Ms. Jensen relied on Mr. Spafford's representations that he was permitted to bring them into Ms. Bassett's property for these purposes. Thus, your contention that a principal-agent relationship exists between my clients and Mr. Spafford relative to the rental of Ms. Bassett's property is legally and factually untenable.

## 2. Ms. Bassett's tort and criminal claims are legally untenable.

Your demand letter also lists a hodgepodge of common law tort claims that you assert are *"prospectively actionable"* against my clients without further elaboration or factual support. My clients are reluctant to justify your conjecture with a response. In short, as set forth above, Ms. Bassett's alleged torts claims are unsustainable.

Further, my clients will not be drawn into responding to unfounded threats of criminal charges that you "strongly suspect" are actionable against my clients. Setting aside the lack of any basis for said claims, any civil or criminal action undertaken at this point would only serve to bring public attention and local media attention to what is now a private contract dispute between your client and Mr. Spafford in which she claims he breached the terms of their contract and caused her emotional distress. Notably, based upon the language and tone of your letter, you make clear your client's threats are based on her disdain and personal animus toward the homosexual and transsexual community. Indeed, your letter makes repeated discriminatory and derogatory references to the sexual acts engaged in your client's property as "not normal" and suggests that this somehow aggravates the emotional distress and harm your client allegedly suffered.

## 3. Conclusion

Having failed to set out any legally cognizable claims against my clients, they will not be drawn into your letter's posturing that their actions constitute a violation of G.L. ch. 93A in a demand tantamount to extortion. While I am unpersuaded by any of the arguments set forth in your letter, I am certainly willing to discuss this matter with you. If you believe that would be helpful, please do not hesitate to contact me.

Roach, Ioannidis & Megaloudis, LLC

              Page 4
              Re: Leah Bassett,
              7 Skye Lane, Aquinnah, MA

  Kindly note that this letter does not purport to set forth all of the relevant facts, defenses, or counterclaims that my clients may avail themselves of now or in the future. Further, this correspondence does not waive, but expressly reserves, all rights, remedies and lawful courses of action by my clients against Ms. Bassett.

              Very truly yours,

              Natalie R. Megaloudis

NRM/tm