# Plaintiff's Complaint Exhibit 5

93A Demand Letter to TLA Entertainment

3 pages (without referenced Exhibits)

**JOHN ANTHONY TAYLOR, ESQUIRE**
**TAYLOR LEGAL COUNSEL**
*(Practicing Exclusively in Massachusetts)*
18 CENTRAL SQUARE
BRISTOL, NEW HAMPSHIRE  03222
(603) 744-8000
(603) 744-8585 (Fax)

OF COUNSEL
ADAMS & BLINN, P.C.
43 THORNDIKE STREET
CAMBRIDGE, MA 02141
(617) 577-9700
(617) 494-9068 (FAX)

ANTHONY TAYLOR (1749-1826)
AMOS TAYLOR (1784-1868)
MOSES L. TAYLOR (1810-1892)
FRANKLIN L. TAYLOR (1844-1929)
AMOS L. TAYLOR (1877-1965)
A. LEAVITT TAYLOR (1912-1991)

November 28, 2015

Chief Executive Officer
TLAgay, and, TLA Entertainment Group
100 S. 7th Street, 3rd Floor
Philadelphia, PA  19106

Re:  93A Demand Letter on behalf of Leah Bassett

Dear Sir or Madam:

This letter is written on behalf of Leah Bassett, and is intended to meet the threshold procedural requirements of a so-called "demand letter" pursuant to Section 9 of the Massachusetts Consumer Protection Act.  *See* Mass. Gen. Laws, Chapter 93A; Cassano v. Gogos, 20 Mass.App.Ct. 348, 350-52 (1985).  Your attorney(s) may advise you in greater detail as to the niceties of that Act, but basically, it is broadly designed to prohibit, and penalize, any person or company that engages in commercial activities with other person(s) (or other businesses) within Massachusetts from committing *"unfair or deceptive acts or practices in the conduct of any trade or commerce."*

The gravamen of Ms. Bassett's claims against your company or companies arise from your role as a marketing agent and distributor for a substantial number of adult porn films/videos that were filmed, wholly or in part, on my client's personal property without her knowledge or consent, as well as in violation of local zoning ordinances and/or other state law in Aquinnah, Massachusetts.  A more detailed account of that unlawful and offensive violation of Ms. Bassett's personal and property rights is set forth in the enclosed 10/06/15 letter, *inter alii,* to Monica Jensen, a/k/a/ Nica Noelle, and Jon Blitt, d/b/a Mile High Media/Distribution.

Per the enclosed Order Form, Ms. Bassett contracted with your company on or about October 16, 2015 for the purchase of a number of the porn videos that were known, or suspected, to have been shot on her premises.  Per her mailing instructions, they were sent to my law office in NH.  Our quick review of 14 of the 17 ordered videos that have arrived so far confirmed that at least 12 of them feature whole scenes and/or isolated jacket cover images that were shot on her private residence.  Per Footnote 5 of the 10/06/15 Demand Letter, Ms. Bassett was also able to confirm that a number of those

unauthorized porn scenes or still shots display copyrighted works of art that belong exclusively to her without any signed release.

In transmitting those videos to my office, a copy of your tlagay.com Catalog #370 for *"Fall 2015"* was included. The videos at issue are advertised for sale on pages 54 & 55 under the product line heading of *"Icon Male"*. Only one of the four videos ordered from your company under the Mile High product line of *"Transsensual"* (*i.e.,* Jessy Dubai: TS Superstar) has been received per that Order, and it appears to have been shot entirely on Ms. Bassett's premises. As you are undoubtedly aware, your company's tlagay.com website also advertises and solicits sales of those Mile High/Nica Noelle-created porn videos as well.

My client's present demands for relief fall into two categories, one directed towards preventing any further advertisements, sales, and distributions of the unauthorized and unlawful porn videos that were filmed on her personal residence, and the other directed towards some pertinent information.

As to Ms. Bassett's desire to stop any further marketing and distributions of those videos, kindly advise me what steps you took to ensure that Mile High had secured a valid Special Permit from the Town of Aquinnah for the commercial production of those porn videos and stills filmed on Martha's Vineyard,[1] as well as a written rental agreement/location fee from Ms. Bassett for the use of her premises for that commercial purpose (coupled with a signed artwork release for each of her copyrighted works of art depicted in those videos and/or stills)? If you do not have verifiable proof of those legal documents, while knowing that you do not as to the many videos and stills shot on Ms. Bassett's premises via Ms. Jensen/Noelle and Mile High, I respectfully demand that you immediately cease marketing and distributing those Icon Male and Transsensual products until you have obtained them. Your failure to do so as to all such films and stills depicting Ms. Bassett's premises in any form will be treated as an actionable violation of my client's rights under the aforesaid Massachusetts Consumer Protection Act.

As to Ms. Bassett's informational demands, please provide me with a documented breakdown by video title of all sales made by your company from Nov. 1, 2014 through Dec. 31, 2015 on behalf of Mile High Distribution, Inc. in relation to its Icon Male and Transsensual lines. Related thereto, please provide a full financial accounting of the gross sale monies received by your company for each such video title during that 14 month timeframe, including a breakdown to whom the net funds/profits from those sales were disbursed.

---

[1] I also enclose a copy of a tweet that Ms. Jensen, a/k/a Nica Noelle, a/k/a Nica Theory, posted on social media on July 15, 2015 in which she wrote: *"It's great to work in a state where shooting porn is completely legal & our location owners don't have to keep us a secret. #New Hampshire".* Unfortunately for Ms. Jensen and her Mile High employer, Ms. Bassett's personal residence is **not** located in my own domiciliary state of New Hampshire, compounded by the fact that they fraudulently chose to keep the commercial shooting of porn on Martha's Vineyard "a secret" from their "location owner" as well.

While hardly a big ticket item, please also reimburse Ms. Bassett via a check payable to my order for the cost of those unauthorized and unlawfully-filmed videos that she purchased from your company, and send me a complete set of all videos that have been marketed and distributed by your company under the Icon Male and Tanssensual lines during that 14 month timeframe in order to assist us in determining how many other videos also feature scenes or stills filmed on Ms. Bassett's premises without legal authority.

It is my/our sincere hope that your company does not endorse, or otherwise wish to abet in any way, the conduct described in that 10/06/15 Demand Letter by Ms. Jensen/Noelle and Mr. Blitt/Mile High in violating my client's personal and property rights in the unauthorized and unlawful production of porn on her premises.

Noting that you have 30 days from receipt of this Demand Letter per Mass. Gen. Laws, chapter 93A, section 9 in which to tender a written response, it is my/our further hope that your prompt, voluntary, and satisfactory compliance with the demands stated above will make it unnecessary for Ms. Bassett to institute any further legal action against your company or companies. Such further legal action would prospectively take the form of naming your company or companies as a co-defendant in the lawsuit that she intends to initiate forthwith in the U.S. District Court of Massachusetts against the persons and corporate entities identified in the 10/06/15 letter. If you or your legal counsel wish to communicate with me in advance of your "formal" response to this Demand Letter directed to my letterhead's NH office address, the most time-efficient means of doing so would be via my email address of: jataylor317@gmail.com.

Very truly yours,

John A. Taylor

JAT/wc
cc: Ms. Leah Bassett