UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * *
LEAH BASSETT,                         *
         Plaintiff                    *
                                      *
     vs.                              *      CIVIL ACTION
                                      *      No. 18-cv-10576-PBS
MONICA JENSEN, d/b/a NICA NOELLE;     *
JON BLITT, personally and d/b/a MILE  *
    HIGH MEDIA, d/b/a ICON MALE;      *
    d/b/a TRANSSENSUAL;               *
MILE HIGH DISTRIBUTION, INC.;         *
JOSHUA SPAFFORD, d/b/a JOSHUA DARLING;*
APRIL CARTER, d/b/a DIANA DEVOE;      *
TLA ENTERTAINMENT GROUP, d/b/a        *
TLA GAY, d/b/a TLA DISTRIBUTION;      *
GAMMA ENTERTAINMENT, d/b/a            *
CHARGEPAY B.V.;                       *
WILLIAM GRAY, d/b/a BILLY SANTORO; and,*
 FIORE J. BARBINI, d/b/a/ HUGH HUNTER *
         Defendants                   *
* * * * * * * * * * * * * * * * * * * *
```

**PLAINTIFF'S MOTION FOR DISCLOSURE BY THE
MILE HIGH DEFENDANTS OF IDENTIFYING INFORMATION
AS TO CERTAIN NAMED AND PROSPECTIVE CO-DEFENDANTS**

NOW COMES the Plaintiff, Leah Bassett, who respectfully moves for an Order compelling the so-called Mile High Defendants (Monica Jensen; Jon Blitt; and Mile High Distribution, Inc., captioned above) (hereinafter "Mile High") to disclose to the Plaintiff the legal identity, as well as the current or last known address, pertaining to three categories respectively of currently-named or prospectively-named Co-defendants in this matter. That information clearly falls within Mile High's knowledge, but they have refused to date to voluntarily disclose it, despite repeated requests. That refusal appears to be a deliberate attempt to frustrate and interfere with the efficient and expeditious progress of this lawsuit, particularly with respect to Local Rule 15.1's

prescription that: *"Amendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party."*

In the case at bar, the undersigned counsel is aware that there are three named parties yet to be served with legal process, as well as additional parties to be served either with settlement-inducing 93A Demand Letters and/or joined as Co-defendants respectively, but Mile High refuses to "voluntarily" divulge their legal identities and/or their addresses.

### Part I. The Identifying Information Being Sought

The three categories of individuals and/or business entities at issue are as follows:

(1.) <u>Three of the currently-named Co-defendants; to wit, April Carter, William Gray, and Fiore J. Barbini</u>. As stated in Plaintiff's Verified Complaint, clause 6, Co-defendant Carter was the Mile High-employed *"production manager per her pseudonym of Diana DeVoe for the porn films/videos that were shot in New England in 2014-15."* Per written representations made by Co-defendant Joshua Spafford in his response(s) to Ms. Bassett's 93A Demand Letter, she was a frequent management-level presence and participant in the porn films and advertising stills that were shot "in secrecy" and without lawful authority on Ms. Bassett's personal residence.

As stated in Plaintiff's First Amendment to Complaint, clauses 9(A) & 68, Co-defendant Gray, was hired by Mile High in March 2018 as their Production Manager for their "Icon Male" studio, while he had previously *"worked periodically for Ms. Jensen and Mr. Blitt/Mile High per his pseudonym of Billy Santoro for the porn films/videos that were created and shot on Ms. Bassett's premises and elsewhere between 2014-present under the Icon Male and/or Transsensual labels."*

As stated in Plaintiff's First Amendment to Complaint, clause 9(B), Co-defendant Fiore *"has worked periodically for Ms. Jensen and Mr. Blitt/Mile High per his pseudonym of Hugh*

*Hunter for the porn films/videos that were created and shot between 2015-present under Icon Male and/or Transsensual labels."*

Adult Entertainment-related persons, other than Mile High, have provided those three Co-defendants "legal" names versus their porn pseudonyms appearing in the Icon Male and Transsensual films and Social Media sites, but their respective physical and/or mailing addresses remain unknown for service of process purposes.

(2.) <u>The identity of all third-party distributors, besides Co-defendant TLA Entertainmant and Co-defendant Gamma Entertainment, with whom Mile High contracted for purposes of marketing and selling/distributing the porn films and advertising stills shot on Ms. Bassett's personal residence.</u>  It has become increasingly clear to Ms. Bassett that Mile High, besides acting as its own retailer for the Icon Male and Transsensual films at issue, entered into contractual relations with a number of other distributors/retailers, besides TLA Entertainment and Gamma Entertainment, for the purpose of utilizing them in marketing and selling the films and advertising stills shot on Ms. Bassett's premises.  As stated in pertinent part in a letter, dated April 9, 2018, received from TLA Entertainment's counsel, Amanda Rae Simon, Esq.: *"TLA merely sells various audio-video content, historically of adult and non-adult nature, similar to thousands of other such sellers across the country and around the world."* [1]

Atty. Simon also noted in that letter in pertinent part that: *"In an effort to quickly and*

---

[1] As stated in the Verified Complaint's clause 34, Ms. Bassett had purchased in late-2015 from TLA Entertainment *"a sample-size of seventeen of the 30+ Icon Male and Transsensual porn videos being marketed at that time for the intended purpose of gauging how readily identifiable her premises and personal furnishings and artwork were in those commercially-marketed films."*  A copy of Mile High's on-going counsel's letter of January 4, 2016 is attached as part of the Verified Complaint's Exhibit 4 in which they complained in pertinent part to: *"Your written statements in the form of a purported demand letter, dated November 28, 2015, to Mile High Media's customers, TLAgay and TLA Entertainment Group, in which you falsely and disparagingly claim that Mile High Media violated your client's rights..."*

*amicably resolve this matter as it concerns TLA, please be aware that TLA has removed all of the audio-visual content at issue in your Complaint ("Film") from all forms of sale."* Upon information and belief, Co-defendant Gamma Entertainment has also "voluntarily" taken efforts since the initiation of this lawsuit to remove most, if not all, of the copyright infringement-laden films from its inventory of porn material that it markets to the public. There are, however, an unknown number of **other** Mile High "customers"/retailers, who they have refused to identify, which has the practical effect of impeding Ms. Bassett's ability to take more timely legal steps against them, whether in the form of a settlement-inducing 93A Demand Letter or a joinder as Co-defendant(s) in this lawsuit.

(3.) <u>The identify of all Mile High-hired actors and crewmembers who were present on, and participated in, the films and advertising stills shot on Ms, Bassett's personal residence.</u> As noted in the Verified Complaint's clause 32, Ms. Bassett demanded in her 93A Demand Letter that Mile High provide her, *inter alii,* with the legal name and address for each actor and crewmember who had been on her premises for the commercial porn production purposes; the titles of all porn films/videos that included scenes or stills shot on her premises; and, a physical copy of all such films and advertising stills. Mile High refused to provide **any** of that demanded information in its response letter, dated November 17, 2015 (attached as Verified Complaint Exhibit 3), and has continued to do so to this day.

By contrast, Co-defendant Spafford provided the names of thirty-five Mile High-hired persons whom he recalled being present on Ms. Bassett's premises per his 93A response letter, dated November 9, 2015, while he noted that his memory might be incomplete, and that he did not know the actors' "legal" names in most instances, nor any of their physical (versus email in some instances) addresses.

Each of those Mile High-hired persons, most of whom reportedly operated as independent contractors, rather than as actual employees, bear prospective liability to Ms. Bassett for their unauthorized presence and conduct on her premises for commercial purposes.  As referenced in her Verified Complaint's clause 25, one matter of particular and on-going concern stems from the fact that some number of the actors displayed advertising stills and/or film clips in which he/she was featured on his/her own Social Media site(s), which included images of Ms. Bassett's premises and her copyright-protected artwork in some instances.  Upon information and belief, Mile High actually provided those advtertising stills and film clips to the actors to be broadcast in that manner as part of their marketing efforts.  Ms. Bassett wishes to take such legal steps as she deems appropriate against those actors, whether in the form of a settlement-inducing 93A Demand Letter or as a joinder as Co-defendant(s) in this lawsuit to ensure, *inter alii,* that all such unauthorized images of her personal residence and/or copyright-protected artwork are destroyed and removed from their respective possession and Social Media site(s) in a legally-binding manner.

## II.  Mile High's Response per Counsels' Rule 7 Conference Communications

Ms. Bassett's undersigned counsel initially requested Mile High's voluntary disclosure of the legal names and current or last known addresses for these three categories of current or prospective Co-defendants in numbered clause IV of my May 2, 2018 letter (attached hereto as Exhibit 1, while previously produced as Exhibit 5 of Mile High's pending "Gag Order" Motion). Mile High failed to make any reply to any of the points and requests set forth in that letter, apart from their questionable decision to file that pending Motion.

That requested information was raised again per a direct referrence to Local Rule 7 in part "Second" of my letter, dated June 6, 2018 (attached hereto as Exhibit 2).  Mile High provided a

written response, dated June 14, 2018 (attached hereto as Exhibit 3).[2] In short, they adopted the position that Mile High could **only** be compelled to produce the requested information *"through a Request for Production of Documents or Interrogatories"* during the normal course of discovery, while declining to do so voluntarily.

Respectfully, this Court's plenary authority to issue Orders designed to facilitate the efficient and expeditious progression of pending lawsuits is far broader than Mile High appears to recognize or credit. As to the three named, but as of yet unserved, Co-defendants, Ms. Bassett should not be required to waste her own, or this Court's time, by the necessity of filing a Motion per Fed.R.Civ.P., Rule 6(b) seeking in the alternative for leave either to extend the time for service of process on them until Mile High has deigned to comply with Rules 33 or 34 discovery requests as to that non-proprietary information, or to authorize "imputed" service of process on them by newspaper publication. As to the second and third categories of prospective Co-defendants, it would likewise be an unnecessary waste of both Ms. Bassett's, as well as this Court's, time for her to be compelled by reason of Mile High's intransigence to start filing a series of Second, Third, etc. Amendment(s) to the Complaint in order to add all of those prospective Co-defendants in piecemeal fashion as their respective "legal" identities and addresses become known in the months prior to Mile High's compliance with its formal discovery disclosures and obligations.

---

[2] As a sidenote, both those May 2nd and June 6th letters also made reference to Ms. Bassett's wish to ensure a prompt cessation of all further sales/viewings of the Copyright-infringing films and advertising stills during the pendency of the lawsuit, adding that she *"would be amenable to accepting a written stipulation to that effect in lieu of seeking a more 'public' Court-issued Preliminary Injunction."* While Mile High did not accept that suggestion of entering into a written stipulation to that effect, their June 14th reply letter did represent that they had *"identified portions of nine movies which had scenes shot at the Plaintiff's location and have removed them from distribution both on dvd and the internet."* Mile High evidently intends to wait until compelled via formal discovery to actually identify those *"nine movies"* by name, while noting that the Plaintiff believes that the actual number of films with unauthorized scenes and/or advertising stills shot on her premises is considerably higher than nine. Nonetheless, she will defer seeking an injunctive order for the time being.

WHEREFORE, the Plaintiff, Leah Bassett, respectfully requests that this Honorable Court issue an Order compelling the Mile High Defendants to provide her counsel with the following information in writing within fourteen (14) days of said Order:

(1.) The current, or last known, physical and/or mailing address for each of its current or former employees/contractors presently named as Co-defendants; to wit, April Carter, William Gray, and Fiore J. Barbini;

(2.) The business name, and current or last known physical and/or mailing address, for each of the third-party distributors/retailers that Mile High has utilized in marketing and/or selling the films and advertising stills that were shot on Ms. Bassett's premises;

(3.) The legal name, and current or last known physical and/or mailing address, for each of the actors or other crewmembers that were hired by Mile High circa 2014-15, who participated in the porn films and advertising stills that were shot on Ms. Bassett's premises; and,

(4.) Any such other information or measure of relief as the Court deems merited.

LEAH BASSETT

By her attorney,

Date: June 29, 2018

John A. Taylor, Esq.
BBO# 493400
18 Central Square
Bristol, NH  03222
(603) 530-2160
jataylor 317@gmail.com

## Local Rule 7.1(a)(2) Certification

The undersigned John A. Taylor, Esq. certifies that I have conferred with counsel for the Mile High Defendants per written letters attached hereto as Exhibits in a good faith attempt on Plaintiff's part to resolve or narrow the issues raised in this Motion.

/s/ John A. Taylor
John A. Taylor

## Request for Oral Argument at the Court's Discretion

The Plaintiff is content to leave the necessity for oral argument relative to the seemingly ministerial-related issues raised in this Motion to the Court's discretion, while noting that there is a pending Motion initiated by the Mile High Defendants scheduled for hearing on July 17, 2018.

## Certificate of Service

The undersigned John A. Taylor, Esq. certifies that a true copy of this Motion (and attached Exhibits) has been filed this day with the Court through its ECF system, with copies to be sent electronically to the ECF-registered counsel of record, while a courtesy copy has been sent by me electronically to those attorneys representing Co-defendants to my knowlwdge who have not yet filed formal Notice(s) of Appearance respectively.

Dated: June 29, 2018

/s/ John A. Taylor
John A. Taylor