UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEAH BASSETT,<br>    Plaintiff,<br><br>v.<br><br>MONICA JENSEN, d/b/a NICA NOELLE; JON BLITT,<br>in his Personal Capacity & d/b/a MILE HIGH MEDIA,<br>ICON MALE, and TRANSSENSUAL; MILE HIGH<br>DISTRIBUTION, INC.; JOSHUA SPAFFORD, d/b/a<br>JOSHUA DARLING; APRIL CARTER, d/b/a DIANA<br>DEVOE; TLA ENTERTAINMENT GROUP, d/b/a TLA<br>GAY and TLA DISTRIBUTION; and GAMMA<br>ENTM'T, d/b/a CHARGEPAY B.V., WILLIAM GRAY,<br>d/b/a BILLY SANTORO, and FIORE J. BARBINI, d/b/a<br>HUGH HUNTER,<br>    Defendants. | CIVIL ACTION<br>No. 18-cv-10576-PBS |

**OPPOSITION OF THE DEFENDANTS, MONICA JENSEN, JON BLITT, MILE HIGH MEDIA, AND MILE HIGH DISTRIBUTIONS, INC. TO PLAINITIFF'S MOTION FOR DISCLOSURE BY THE MILE HIGH DEFENDANTS OF IDENTIFYING INFORMATION AS TO CERTAIN NAMED AND PROSPECTIVE CO-DEFENDANTS**

The Plaintiff's Motion is untenable. Plaintiff Leah Bassett ("Plaintiff") waited nearly 3 years to file a complaint, and after filing waited over two months to even attempt to serve her complaint. Now, after all the delay and neglect, Plaintiff suddenly wants to jump to the head of the line, circumvent the Federal Rules of Civil Procedure and implement capricious deadlines by filing a Motion for Disclosure of Identifying Information as to Certain Named and Prospective Co-Defendants (the "Motion") that prematurely seeks to compel Defendants to provide discovery and/or make initial disclosures. Not only is Plaintiff's Motion not supported by law or the facts, it is a deliberate and bad faith attempt to cause reputational and business harm to Defendants.

Defendants Monica Jensen, Jon Blitt, Mile High Media, and Mile High Distribution, Inc. (collectively, the "Mile High Defendants") therefore oppose Plaintiff's Motion on the grounds that (1) the disclosure of such information is premature under the Federal Rules of Civil Procedure ("FRCP"), (2) there is no valid reason to deviate from the deadlines set forth in the FRCP, and (3) Plaintiff is attempting to extract such information at this juncture to cause reputational and business harm to the Mile High Defendants.

### A. **Background, Statement of the Case, and Service of Process**

On or about October 4, 2014, the Plaintiff entered into a written lease agreement with Defendant Joshua Spafford ("Spafford"), a photographer, to lease her Martha's Vineyard residence, located at 7 Skye Lane, Aquinnah, MA 02535 (the "Premises"), from that date until May 15, 2015 for his personal use. At no time were the Mile High Defendants ever parties to, nor were they aware of, the terms of Spafford's lease or tenancy at the Premises. During his tenancy, Spafford allowed individuals including, but not limited to, Defendants Monica Jensen ("Jensen") and Mile High Distribution, Inc. ("Mile High") to use the Premises to record scenes for adult films. The Plaintiff alleges that the Premises were damaged in the course of Spafford's tenancy and that certain personal artwork was allegedly improperly videotaped in the background of some scenes in the films.

Approximately three years later, on March 26, 2018, Plaintiff filed a Verified Complaint raising ten (10) counts against various Defendants, including Mile High and Jensen, alleging improper use of the Premises, copyright infringement, RICO violation, infliction of emotional distress, and other related claims. At that time, the Plaintiff did not serve the Mile High Defendants who had, through their undersigned counsel, agreed to accept service.

Instead, over two months later, on May 31, 2018, Plaintiff filed an Amended Complaint adding Defendants William Gray and Fiore J. Barbini. On June 8, 2018, Plaintiff's lawyer, John Taylor ("Attorney Taylor"), sent to counsel for the Mile High Defendants two "Acceptance of Service" forms devoid of the standard statutory language for a Waiver of Service of Summons form. Attorney Taylor also forwarded to the Mile High Defendants a copy of the Amended Complaint.[1] On June 12, 2018 counsel for the Mile High Defendants, as an accommodation to Attorney Taylor, drafted a "Waiver of Service of Summons" on behalf of the Mile High Defendants, with the appropriate language and title, signed it and served it on Attorney Taylor.[2]

### B. **Plaintiff's Motion is Premature and Untenable**

1. Initial disclosures are not yet required under FRCP Rule 26.

Without citing to Fed.R.Civ.P. 26(a)(1)(A)(i) & (ii) specifically, Plaintiff's Motion prematurely seeks to compel the disclosure of information under the "*Initial Disclosure*" portion of Rule 26. Under Rule 26, a party is required to provide identifying information of each individual likely to have discoverable information (which, presumably, would include parties that purportedly could or should be included as additional defendants).

Plaintiff, however, misreads the time requirements of Rule 26. Rule 26(a)(1)(C), entitled "*Time for Initial Disclosures- In General*," states in pertinent part: "A party must make the initial disclosures **at or within 14 days after the parties' Rule 26(f) conference** unless a different time is set by stipulation or court order...." (emphasis added).

Here, the Court has not yet established a date for the Rule 26(f) conference. See generally Wada v. United States Secret Service, 525 F.Supp.2d 1, 11 (2007 D.D.C. 2007)

---

[1] Plaintiff attached 7 Exhibits to the Amended Complaint, and parts of Exhibits 2 and 7 contain several pages of poor quality, largely indecipherable black and white photographs, some of which seemingly contain sexually explicit scenes.
[2] On one of the "Acceptance of Service" forms Plaintiff suggested that undersigned counsel also accept service for newly added Defendant William Gray, but undersigned counsel declined to do so as they do not represent Mr. Gray.

(discovery premature where Court has not yet held initial scheduling conference and motion to dismiss pending). Moreover, the Mile High Defendants have not even answered or responded to the Amended Complaint and their response is not due until at least August 8, 2018. Thus, Plaintiff's demand in this Motion is untimely and not supported by the Federal Rules of Civil Procedure.

### 2. Written discovery is stayed until a Rule 26(f) conference occurs.

The information Plaintiff seeks is not yet discoverable by written discovery at this point, either. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed.R.Civ.P. 26(d)(1). The Rule 26(f) conference has not yet occurred, and the information Plaintiff seeks does not fall within the limited exceptions to this rule. See Fed.R.Civ.P. 26(d)(1) and (2) (excluding proceedings exempted from initial disclosures, by stipulation, court order, and early Rule 34 requests).[3]

To the undersigned counsel's knowledge, no defendants other than the Mile High Defendants have even been served. Thus, the information sought in Plaintiff's Motion is premature and untenable.

### 3. The Mile High Defendants Are Gathering the Information Required under Rule 26 and will Disclose the Information at the Time Required by the Federal Rules of Civil Procedure.

The Mile High Defendants are in the process of identifying information required under Rule 26. To the extent the information sought by Plaintiff falls within the scope of the

---

[3] Notably, Plaintiff has herself refused to produce the same information she now seeks to compel through this spurious Motion. Plaintiff through her counsel has stated that she has, "a list of 45+ porn names of the persons who appeared in the Icon Male and Transsenual films in 2015-15 (and approximately 30 of whom are known to have been on [the Plaintiff's] premises) [...]." See Plaintiff's Motion, Ex. 2 at Pg. 3 ¶ 2. Despite being asked for this information by counsel for the Mile High Defendants, Plaintiff has not made this or *any* initial disclosure required of the Plaintiff under Fed.R.Civ.P. 26(a)(1)(A)(i)-(iv). Furthermore, some months ago, the Mile High Defendants asked Plaintiff to assist them with identifying any scenes taken at the Plaintiff's premises, especially shots which include any of her alleged copyrighted artwork. So far, the Plaintiff has provided none, with the possible exception of the black and white largely indecipherable photos attached to her Amended Complaint.

information required for disclosure, the Mile High Defendants will disclose it to Plaintiff in a timely manner under the Federal Rules.

The Mile High Defendants reserve, and do not waive, the right to object to certain such disclosures as to distributors or persons who may well have no discoverable information that is relevant or material to Amended Complaint's allegations.

### C. This Motion is Plaintiff's Deliberate Attempt to Exert Pressure on the Mile High Defendants in Bad Faith

This meritless Motion is Plaintiff's blatant attempt to frustrate the progress of this lawsuit, interfere with the Mile High Defendants' business and harm their reputation. As to most of the parties that Plaintiff seeks to identify, counsel for Plaintiff has stated that he considers them all "prospective Co-Defendants" he will join in further "Amendment(s) to the Complaint." See Plaintiff's Motion, Ex. 2 at Pg. 6.

Plaintiff's motives are clear. The Motion to secure the identities of all third-party distributors of Defendant Mile High (see Plaintiff's Motion at 3), speaks to Plaintiff's intention to arbitrarily add the distributers as Co-Defendants to disrupt Mile High's business relationships with them, whether or not these distributors have any feasible liability to the Plaintiff. By naming TLA Entertainment Group, TLA Distribution, and Gamma Entertainment Group as Defendants, Plaintiff has already engaged in this tactic. Plaintiff has also employed this same strategy with actors in order to induce them to cooperate with her.[4]

This case involves the use of Plaintiff's Premises, which the Defendant Spafford privately leased from Plaintiff for his own personal use and later allowed Defendants Mile High and Jensen to use for some film shoots. The case arose after Spafford vacated the premises

---

[4] Unfortunately, much of Attorney Taylor's conduct in this regard is a bald attempt to induce the Mile High Defendants to accede to the Plaintiff's outrageous, unrelenting and long-standing demand. It is a logical continuation of his statements to the press and open-letter threats to actors and others to cooperate lest they become Co-Defendants.

without paying the Plaintiff for the final months of rent. Moving to add potential Defendants who were not involved in any decision making in this regard is subject to denial on the grounds of futility, if not bad faith. Nevertheless, Plaintiff has not shied away from involving irrelevant parties. Plaintiff's counsel has stated that he intends to "add a <u>large</u> <u>rash</u> of Co-defendants in recognition and accordance with your clients' objection to their being contacted as non-parties by our side." See Plaintiff's Motion, Ex. 2 at Pg. 3 (emphasis added).[5]

Plaintiff has filed a premature and legally untenable Motion to indiscriminately seek out others who may have been, at best, peripherally involved, for the purpose of joining them as Co-Defendants. Such is not in accord with the law. See <u>Libby v. Park, Marion and Vernon Streets Operating Company, LLC</u>, 278 F. Supp. 3d 501, 504 (D. Mass. 2017) ("[t]he limited reasons for denying a pre-judgment motion to amend include undue delay, bad faith, futility and the absence of due diligence on the movant's part."). At this juncture, further defendants may only be added upon motion. See Fed.R.Civ.P. 15(a)(2).

### D. <u>CONCLUSION</u>

WHEREFORE, on the foregoing points and authorities the Defendants Monica Jensen, Jon Blitt, Mile High Media, and Mile High Distribution, Inc. respectfully request that the Court deny the Plaintiff's Motion.

---

[5] Attorney Taylor's reference to the Defendants' objection to contacting the "large rash of [potential] Co-defendants" pertains to the subject of the Mile High Defendants' pending Motion to enjoin Attorney Taylor from improperly communicating with the press and threatening and intimidating witnesses. See Defendants' Motion for a Preliminary Injunction dated May 17, 2018 (Court Document 9) at 5-6.

DEFENDANTS
MONICA JENSEN, JON BLITT,
MILE HIGH MEDIA and MILE HIGH
DISTRIBUTION INC.,
By their Attorneys,

Dated: July 10, 2018

/s/  Stephen A. Roach
/s/  Natalie R. Megaloudis
Stephen A. Roach, Esq. BBO 542138
Natalie R. Megaloudis, Esq. BBO 648408
ROACH, IOANNIDIS & MEGALOUDIS, LLC
50 Congress Street, Suite 400
Boston, MA 02109
roach@rimlawyers.com
nrmegaloudis@rimlawyers.com
Phone: (617) 723-2800

## CERTIFICATE OF SERVICE

I, Stephen A. Roach, Esq., attorney for the Defendants Monica Jensen, Jon Blitt, Mile High Media and Mile High Distribution, Inc., hereby certify that a true copy of this document and was filed through the ECF system, and will be sent this date, July 10, 2018, electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: July 10, 2018

/s/ Stephen A. Roach
Stephen A. Roach