**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
LEAH BASSETT,                  )
                Plaintiff,     )
                               )
v.                             )   Civil Action
                               )   No. 18-10576-PBS
MONICA JENSEN, d/b/a, NICA NOELLE; )
JON BLITT, personally and d/b/a    )
MILE HIGH MEDIA, ICON MALE, and    )
TRANSSENSUAL; MILE HIGH            )
DISTRIBUTION, INC.; JOSHUA         )
SPAFFORD, d/b/a/ JOSHUA DARLING;   )
APRIL CARTER, d/b/a DIANA DEVOE;   )
TLA ENTERTAINMENT GROUP, d/b/a     )
TLA GAY, d/b/a TLA DISTRIBUTION;   )
GAMMA ENTERTAINMENT, d/b/a         )
CHARGEPAY B.V.; WILLIAM GRAY,      )
d/b/a BILLY SANTORO; and           )
FIORE J. BARBINI, d/b/a            )
HUGH HUNTER,                       )
                Defendants.        )
_____)
```

**ORDER**

July 18, 2018

Saris, C.J.

After hearing, I deny the defendants' motion for a preliminary injunction on the ground that they have not demonstrated a likelihood of success on the merits. Defendants request an injunction to enjoin Plaintiff's Attorney John Taylor from communicating with the press and media in a "disparaging prejudicial manner" about the defendants. Such a broad injunction would be a prior restraint in violation of the First

1

Amendment. <u>Sindi v. El-Moslimany</u>, No. 16-2347, 2018 WL 3373549 (1st Cir. July 11, 2018) (holding that an injunction against republishing defamatory statements failed strict scrutiny because it was not narrowly tailored). Moreover, at this early stage of the proceedings, defendants have not shown that any of Mr. Taylor's statements "will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." Mass. R. Prof. C. 3.6(a). Both trial counsel have agreed not to communicate with the media about the substance of the case until its conclusion.

    Defendants also request an injunction to prevent Mr. Taylor from "threatening or intimidating potential witnesses and/or parties," but defendants have not shown a likelihood of success or irreparable harm. While the issue has not been well briefed, defendants' primary evidence of a "threat" is that plaintiff published an "open letter" in a blog that promises not to sue witnesses who cooperate with plaintiff in the litigation.

                                       /s/ Patti B. Saris_____
                                       HON. PATTI B. Saris
                                       Chief U.S. District Judge