UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEAH BASSETT,
    Plaintiff,

v.                                           CIVIL ACTION NO. 18-10576-PBS

MONICA JENSEN, d/b/a NICA NOELLE,
JON BLITT, personally and d/b/a MILE
  HIGH MEDIA, d/b/a ICON MALE,
  d/b/a TRANSSENSUAL,
MILE HIGH DISTRIBUTION, INC.,
JOSHUA SPAFFORD, d/b/a JOSHUA
  DARLING,
APRIL CARTER, d/b/a DIANA DEVOE,
TLA ENTERTAINMENT GROUP, d/b/a TLA
  GAY, d/b/a TLA DISTRIBUTION,
GAMMA ENTERTAINMENT,
  d/b/a CHARGEPAY B.V.,
WILLIAM GRAY, d/b/a BILLY SANTORO,
FIORE J. BARBINI, d/b/a HUGH HUNTER,
    Defendants.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR DISCLOSURE (#14)

KELLEY, U.S.M.J.

I. Introduction.

On March 26, 2018, Leah Bassett filed a verified complaint (#1) against Jon Blitt, April Carter, Gamma Entertainment, TLA Entertainment Group, Monica Jensen, Mile High Distribution, Inc., and Joshua Spafford. The complaint[1] included a claim for a violation of the

---

[1] The complaint alleged ten counts in total, including breach of contract, trespass, negligence, violation of Massachusetts General Laws chapter 93A, civil conspiracy, civil fraud, intentional infliction of emotional distress, interference with advantageous business relations, violation of the United States Copyright Act, and civil violation of the RICO Act. (# 1 ¶¶ 45-62.)

1

United States Copyright Act, 17 U.S.C 101, *et seq.,* arising from pornographic videos filmed on plaintiff's premises, without permission, showing plaintiff's copyright-protected artwork. (#1 ¶ 58.) On March 31, 2018, plaintiff filed an amended complaint adding as defendants Fiore J. Barbini and William Gray. (#11.) Bassett brought the instant motion (#14) to compel disclosure of the physical addresses of defendants Barbini, Carter, and Gray to enable plaintiff to serve them with process. (#14 at 2.) In addition, Bassett moves to compel disclosure of the legal names and current, or last known, physical addresses of each third-party distributor, retailer, actor, and crewmember, involved in marketing, selling, or creating the films and stills shot on plaintiff's premises. (#14 at 7.) The motion has been fully briefed (##14, 15) and stands ready for adjudication.

## II. The Facts.

The relevant facts are as follows. In September 2014, defendant Spafford contacted Bassett in response to an advertisement placed for lease of plaintiff's residence in Martha's Vineyard. (#1 ¶ 12.) Spafford and plaintiff executed a lease agreement to run from October 4, 2014 to May 15, 2015. *Id.* After Spafford failed timely to submit his March lease payment, Bassett allegedly discovered that Spafford claimed an inability to tender the remaining balance due on the lease, had vacated the premises and transferred occupancy to defendant Jensen. (#1 ¶¶ 13, 17.) In addition, plaintiff claimed that the leased premises were damaged significantly during Spafford's tenancy and that her personal, copyright-protected artwork was captured in the background of pornographic videos and stills filmed at her residence. (#1 ¶ 23, #15 at 7.)[2]

---

[2] Defendants admitted in their opposition to the instant motion (#15) that "Spafford allowed individuals including, but not limited to, Defendants Monica Jensen and Mile High Distribution, Inc. to use the [plaintiff's] Premises to record scenes for adult films." (#15 at 2) (internal abbreviations omitted.)

On March 26, 2018, Bassett filed a verified complaint (#1)[3] asserting that each named defendant's liability arose from purported lease violations, trespassing, and filming of pornography on plaintiff's personal property in 2014 and 2015. (#1 at 1; #15 at 2.) About two months later, plaintiff filed an amended complaint (#11) adding defendants Gray and Barbini, claiming they "worked periodically for Ms. Jensen and Mr.Blitt/Mile High . . . for the porn films/videos [here at issue]. . . ." (#11 at 1-2; #15 at 3.)

On June 6, 2018, plaintiff's counsel wrote to defendants, stating that third-party customers "authorized by Mile High to display and/or sell the films and stills shot on [the] premises . . . [are] liable per the Copyright Infringement Count." (#14-2 at 2.) The letter asserted that while defendants "will be compelled to reveal" identifying information for all third-party distributors and individuals engaged in filming onsite, it would be "very inefficient administratively and an unnecessary time delay" to await the formal discovery process. (#14-1 at 7.)[4] As such, counsel requested that defendants provide from "their records and recollection" the legal names and last known addresses of all third-party distributors, as well as the individuals hired to shoot scenes and/or stills on plaintiff's premises. (#14-2 at 3.)[5] Plaintiff's counsel further asserted that the

---

[3] In Count Nine, plaintiff contends that defendants "engaged in various conduct in violation of the United States Copyright Act, U.S. Code, Title 17, arising from the creating, marketing, and sales . . . of the porn films/videos and still photography shot on Ms. Bassett's premises that depict her copyright-protected works of art." (#1 at 21.)

[4] In a second letter dated May 2, 2018, plaintiff's counsel expressed his client's intent to "sue all of the actors and crewmembers who had not voluntarily come forward." (#14-1 at 8.) In particular, counsel stated "if you will agree to voluntarily provide me with all of the real and porn pseudonym names of all of those actors and crewmembers, as well as their present or last known addresses, that will speed up the process of now going forward with adding the additional 20-30 Co-defendants." (#14-1 at 8-9.)

[5] Named defendants Carter, Barbini, and Gray have not yet been served with process. (#14 at 2.) While plaintiff's counsel claims to possess email addresses for Carter and Gray, counsel has not attempted to contact them "due to their management-level status as former or present employees."

3

information would be employed to "add a large rash of Co-defendants in recognition and accordance with . . . [defendants'] objection to their being contacted as non-parties. . . ." *Id.*

On June 14, 2018, defendants sent a reply letter declining to provide plaintiff with the requested identifying information, averring that the request was improper under the Federal Rules of Civil Procedure. (#14-3 at 2.) Fifteen days later, Bassett filed the instant motion for disclosure. (#14).

III. Discussion.

Rule 26(a)(l) requires that, except as exempted by Rule 26(a)(1)(B), each party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A) (punctuation altered from original). These initial disclosures must be made "at or within 14 days of the parties' Rule 26(f) conference" and parties may not seek discovery from any source before conferring as required by Rule 26(f)." Fed. R. Civ. P. 26(a)(1)(C); Fed. R. Civ. P. 26(d).[6]

In addition, disclosures must be based on information "then reasonably available" to the parties at the time they are due. Fed. R. Civ. P. 26(a)(1)(E). "That obligation is a continuing one." *Aponte-Davila v. Municipality of Caguas*, 3:13-cv-01367-PAD, 2017 WL 3025896, *1 (D.P.R. July 17, 2017). Rule 26 does not permit litigants to bypass, or circumvent, such duties to disclose and, upon learning of inaccuracies or the existence of additional, related information, parties must

---

(#14-2 at 3.) Accordingly, counsel also requested the current or last known **physical** addresses for Carter, Gray, and Barbini to serve them with process. (#14-2 at 3.)

[6] Parties may seek expedited discovery prior to the Rule 26(f) conference when exempted from initial disclosures by Rule 26(a)(1)(B), where a different time is set by stipulation, or by procuring a court order. Fed. R. Civ. P. 26(d).

provide timely amendments. *See generally AVX v. Cabot Corp.*, 251 F.R.D. 70, 76 (D. Mass. 2008); Fed. R. Civ. P. 26(a)(1)(E); Fed. R. Civ. P. 26(e)(1). If a party fails to make initial disclosures as required by Rule 26 at or within 14 days of the scheduling conference, the opposing party may then move to compel and move for appropriate sanctions. Fed. R. Civ. P. 26(a)(1)(C); Fed. R. Civ. P. 37(c); *see generally Ortiz v. Cybex Int'l, Inc.*, Civil No. 15-2989 (PAD), 2018 WL 2448130, at *13 (D.P.R. May 30, 2018) (discussing consequences of failure to comply with Rule 26(a) disclosure obligations).

On July 23, 2018, the parties entered a joint statement of counsel (#25) pursuant to Rule 26(f) and Local Rule 16.1, which was approved by Chief Judge Saris on July 24, 2018. (##25, 26.) In relevant part, the parties' joint statement set forth discovery deadlines, including September 20, 2018 for initial disclosures. (#25 at 1.) Therefore, to the extent Rule 26 covers information requested in plaintiff's motion, defendants must timely disclose it. Fed. R. Civ. P. 26(a); Fed. R. Civ. P. 37(c). To the extent disclosure of the requested information falls outside the purview of Rule 26, Bassett may proceed to discover the information within the dictates of the Federal Rules of Civil Procedure.

IV. Order.

For the reasons stated, it is ORDERED that Plaintiff's Motion for Disclosure by the Mile High Defendants of Identifying Information as to Certain Named and Prospective Co-Defendants (#14) be, and the same hereby is, DENIED.

/s/ M. Page Kelley
M. Page Kelley
August 2, 2018　　　　　　　　　　　　　　　　　　United States Magistrate Judge