UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEAH BASSETT,<br>          Plaintiff,<br><br>v.<br><br>MONICA JENSEN, d/b/a NICA NOELLE; JON<br>BLITT, in his Personal Capacity & d/b/a MILE HIGH<br>MEDIA, ICON MALE, and TRANSSENSUAL; MILE<br>HIGH DISTRIBUTION, INC.; JOSHUA SPAFFORD,<br>d/b/a JOSHUA DARLING; APRIL CARTER, d/b/a<br>DIANA DEVOE; TLA ENTERTAINMENT GROUP,<br>d/b/a TLA GAY and TLA DISTRIBUTION; and<br>GAMMA ENTM'T, d/b/a CHARGEPAY B.V.;<br>WILLIAM GRAY, d/b/a BILLY SANTORO; and<br>FIORE J. BARBINI, d/b/a HUGH HUNTER,<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>No. 18-cv-10576-PBS |

## DECLARATION OF ATTORNEY NATALIE R. MEGALOUDIS

I, Natalie R. Megaloudis, hereby declare as follows:

1. I am an attorney admitted to practice before the Bars of the Commonwealth of

Massachusetts, the United States District Court for the District of Massachusetts, and the

United States Court of Appeals for the First Circuit.   I am a Member of the law firm of

Roach, Ioannidis & Megaloudis, LLC, in Boston, Massachusetts.   Along with my Co-

Counsel, I represent the Defendants Mile High Distribution, Inc. ("Mile High") and Jon

Blitt.   My Co-Counsel Attorney Stephen A. Roach and I also represent the Defendant

Monica Jensen. As such, I have personal knowledge of the matters set forth in this

Declaration.

1

2.  On August 29, 2019, Attorney John Taylor, the Plaintiff's lawyer, and I reached a verbal agreement in a telephone call in which I agreed to ask Ms. Jensen to search for Toaster Kid, Inc. tax returns from 2014 to the present and to continue to search for additional records related to Toaster Kid, Inc., including any tax returns. After the August 29, 2019 call, I sent Attorney Taylor a letter dated September 2, 2019, agreeing to ask Ms. Jensen to search for Toaster Kid, Inc. tax returns from 2014 to the present and to continue to search for additional records related to Toaster Kid, Inc., including any tax returns. In my letter, however, I confirmed, as Attorney Taylor and I had agreed, that Ms. Jensen will "produce such documents …subject to proposed Confidentiality/Protective Order – Resolved". A true and complete copy of my September 2, 2019 letter to Attorney Taylor is attached hereto as Exhibit 1 and the referenced statement appears on page 3, items 1 and 2.

3.  Then, immediately after the September 6, 2019 Court hearing, with included the subject of the above Paragraph 2, Attorney Taylor and I met in person immediately outside the Courtroom. I again confirmed with Attorney Taylor that Ms. Jensen would search for and produce any Toaster Kid, Inc. tax returns still in her possession. I told Attorney Taylor that I would be revising a prior proposed draft Protective Order to specifically reference the items in my previous letter confirming the discovery terms we had agreed upon as a result of the meet and confer conference. Attorney Taylor agreed to a revised Protective Order to include the discovery he and I discussed, including the production any Toaster Kid, Inc. tax records Ms. Jensen possessed.

4.  By an e-mail dated Thursday, September 19, 2019, I then sent to Attorney Taylor a

revised proposed "Agreed Protective Order" relative to the confidentiality of Toaster Kid, Inc.'s tax records.   I received no response from Attorney Taylor.   Attached hereto as Exhibits 2 and 3 respectively are true and complete copies of my September 19, 2019 e-mail to Attorney Taylor and the proposed Agreed Protective Order.

5.   The proposed Agreed Protective Order covered "Defendant Monica Jensen's Responses to Second Request for Documents Nos. 1, 2."   Request Nos. 1 & 2 to Ms. Jensen included the following:

"**Request 1:** With respect to the entity identified as Toaster Kidd, Inc., please produce a copy of the Articles of Incorporation; the By-Laws in existence circa 2014-15; the names and addresses for all Resident Agents for the years 2014-to-present; and, the Annual Reports, however termed, that have been filed for the years 2014-to-present in that entity's State of incorporation.

"**Request 2:** With respect to the entity identified as Toaster Kidd, Inc. [sic], please produce a copy of all tax returns that have been filed with the Internal Revenue Service, as well as with any State revenue agency, in the name of the entity for the years 2014-to-present."

Attached hereto as Exhibit 4 is a true and complete copy of Ms. Jensen's Responses to Requests 1 and 2 of the Plaintiff's Second Set of Requests for Production of Documents.

6.   Attorney Taylor did not sign and return the agreed Protective Order. Instead, he explicitly and without a Local Rule 37.1 Conference, filed the Motion (Court Document 69) which the Defendants are now addressing.

7.   Attached hereto as Exhibit 5 is a true and complete copy of an internet notice dated December 12, 2018 as to Toaster Kid, Inc. which Ms. Jensen produced to the Plaintiff.

Attorney Taylor and the proposed Agreed Protective Order.

5. The proposed Agreed Protective Order covered "Defendant Monica Jensen's Responses to Second Request for Documents Nos. 1, 2."   Request Nos. 1 & 2 to Ms. Jensen included the following:

**"Request 1:** With respect to the entity identified as Toaster Kidd, Inc., please produce a copy of the Articles of Incorporation; the By-Laws in existence circa 2014-15; the names and addresses for all Resident Agents for the years 2014-to-present; and, the Annual Reports, however termed, that have been filed for the years 2014-to-present in that entity's State of incorporation.

**"Request 2:** With respect to the entity identified as Toaster Kidd, Inc. [sic], please produce a copy of all tax returns that have been filed with the Internal Revenue Service, as well as with any State revenue agency, in the name of the entity for the years 2014-to-present."

Attached hereto as Exhibit 4 is a true and complete copy of Ms. Jensen's Responses to Requests 1 and 2 of the Plaintiff's Second Set of Requests for Production of Documents.

6. Attorney Taylor did not sign and return the agreed Protective Order. Instead, he explicitly and without a Local Rule 37.1 Conference, filed the Motion (Court Document 69) which the Defendants are now addressing.

7. Attached hereto as Exhibit 5 is a true and complete copy of an internet notice dated December 12, 2018 as to Toaster Kid, Inc. which Ms. Jensen produced to the Plaintiff.

Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing is true and correct.

/s/ Natalie R. Megaloudis
Natalie R. Megaloudis

Date:   October 4, 2019

3

<u>CERTIFICATE OF SERVICE</u>

      I, Stephen A. Roach, attorney for the Defendant Monica Jensen, hereby certify that a true copy of this document and was filed through the ECF system, and will be sent this date, October 4, 2019, electronically to the registered participants as identified on the Notice of Electronic Filing.


Dated:  October 4, 2019                  /s/Stephen A. Roach_____
                                        Stephen A. Roach

# ATTORNEY MEGALOUDIS DECLARATION EXHIBIT 1

# ROACH, IOANNIDIS & MEGALOUDIS, LLC

Attorneys at Law
50 Congress Street, Suite 400
Boston, Massachusetts 02109-4061
————
Telephone 617-723-2800
Facsimile 617-723-4313
www.rimlawyers.com

Natalie R. Megaloudis, Esq.
NRMegaloudis@rimlawyers.com

**By Electronic Mail**

September 2, 2019

John Anthony Taylor, Esq.
TAYLOR LEGAL COUNSEL
18 Central Square
Bristol, NH  03222

        **RE:**    <u>**Response to Discovery Letter dated August 27, 2019**</u>

Dear John:

      I am writing this letter following our lengthy telephone conference on Thursday in which we went through each of the points raised in your letter dated August 27, 2019 relative to your ongoing discovery issues.  In anticipation of the hearing on September 6, 2019, we agreed to the following with regard to these outstanding discovery sought from Monica Jensen:

<u>**Interrogatory Requests:**</u>

1.     Monica will supplement the response to provide the year she graduated from college and any employers from 2014 going forward upon your agreement to have this information subject to the proposed Confidentiality/Protective Order previously sent over to you - Resolved

2.     Monica will supplement the response to provide the business purpose for Toaster Kid Inc.  – Resolved

3.     Monica will supplement the response to provide her areas of study in college and the location of her college, subject to the proposed Confidentiality/Protective Order – Resolved

5.     Monica will supplement the response to provide the approximate number of porn films she has appeared in as an actress – Resolved

6.     Monica will supplement the response to provide the approximate number of porn films she has produced or directed – Resolved

7.     Monica will supplement the response to provide the approximate number of Icon Male films responsive to this interrogatory – Resolved

Page 2
Letter to John A. Taylor, Esquire
September 2, 2019

8.      Monica will supplement the response to provide any other stage names, subject to the proposed Confidentiality/Protective Order – Resolved.

9.      Monica will supplement the response to provide any other stage names used in social media, subject to the proposed Confidentiality/Protective Order – Resolved

13.     Monica will respond to this request by way of response to document request for requested tax returns, subject to proposed Confidentiality/Protective Order – Resolved

14.     Monica will respond to this request by providing her current address, subject to proposed Confidentiality/Protective Order – Resolved

**First Document Request:**

1.      Monica will produce such documents for the period 2014-2015 subject to proposed Confidentiality/Protective Order – Resolved

2.      Monica, having provided her current address subject to the Confidentiality/Protective Order, will have satisfied this document request – Resolved

5.      Monica will provide such documents responsive to this request as it relates to Toaster Kid Inc, subject to proposed Confidentiality/Protective Order – Resolved

6.      Based on information already provided, information now moot – Resolved

7.      Same as #6 - Resolved

8.      Same as #6 – Resolved

9.      Same as #6 – Resolved

11.     Monica will continue to search for such records and produce them if found, subject to proposed Confidentiality/Protective Order – Resolved

12.     Monica will produce such documents from 2014 to the present subject to proposed Confidentiality/Protective Order – Resolved

13.     Monica will produce such documents from 2014 to the present subject to proposed Confidentiality/Protective Order – Resolved

14.      Resolved.

Page 3
Letter to John A. Taylor, Esquire
September 2, 2019

**Second Document Request**

Monica renews, and does not waive her objections to these propounded Requests on the basis
that it exceeds the permissible number of requests under Local Rule 26.1.  Notwithstanding
this, and in the interests of resolving this matter, and in light of the Court's directive, Monica
provides the following:

     1.    Monica will continue her search for additional records related to Toaster Kid
Inc., including any tax returns, and will produce such documents from 2014 to the present
subject to proposed Confidentiality/Protective Order – Resolved.

     2.    Monica will continue her search for tax returns from 2014 to the present
related to Toaster Kid Inc. and will produce such documents subject to proposed
Confidentiality/Protective Order – Resolved

     3.    Agreed that already responded – Resolved.

     4.    Agreed that already responded – Resolved

     5.    Agreed that already responded – Resolved

     12.    Monica maintains and re-asserts her objection in her response that her medical
records in May-June 2019 are irrelevant and seeks confidential medical information where she
has not sought any claims in this action related to emotional distress and therefore the
information sought is not discoverable.  Monica also maintains that the basis for her inability
to appear for a deposition due to a medical issue as well as her counsel's conflict is now moot
where she did appear for a full day of deposition at Plaintiff counsel's personal residence in
New Hampshire on July 17, 2019 – a date when both she and her counsel were available to
appear.  – **Not Resolved**

     13.    Agreed that information provided at deposition – Resolved

     14.    Agreed that already responded – Resolved

     15.    Agreed that already responded – Resolved

     16.    Agreed that already responded – Resolved

Page 4
Letter to John A. Taylor, Esquire
September 2, 2019

With regard to the non-discovery issues raised in your letter, it was agreed that for purposes of the Court's Order and our telephone conference, they were not properly raised and would not be addressed at this time but should you intend to proceed would be the subject of a subsequent Rule 7.1 conference.

Very truly yours,

Natalie R. Megaloudis

NRM/tjm

cc:    Gary Kaufman, Esquire  (by electronic mail)
       Noam Reiffman, Esquire (by electronic mail)

ATTORNEY MEGALOUDIS
DECLARATION
EXHIBIT 2

## Natalie Megaloudis

**From:** Natalie Megaloudis
**Sent:** Thursday, September 19, 2019 4:44 PM
**To:** John Taylor
**Cc:** 'Gary Jay Kaufman'; Noam Reiffman; Stephen Roach
**Subject:** Bassett v. Mile High et als. - Agreed Confidential Order
**Attachments:** Defendants' Proposed Protective Order- REVISED.doc

John,

As discussed, attached please find proposed Agreed Confidentiality Order for submission to the Court. I revised the language in Section B to specifically include the discovery requests as agreed upon as a result of our meet and confer.

Let me know if you agree to the terms of proposed Order as revised and we will append it to an agreed upon Motion to be filed with the Court.

Regards,
Natalie

Natalie R. Megaloudis, Esquire
Roach, Ioannidis & Megaloudis, LLC
50 Congress Street, Suite 400
Boston, MA 02109-4061
Office:  (617) 723-2800
Fax:    (617) 723-4313
www.rimlawyers.com
NRMegaloudis@rimlawyers.com

---

NOTICE - CONFIDENTIAL

This electronic mail transmission contains information from the law firm of Roach, Ioannidis & Megaloudis, LLC.  It is intended only for the use of the individual or the entity named as the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please delete it from your system without copying it and notify the sender by reply email or by calling the sender at (617) 723-2800 so that our email address records can be corrected.

# ATTORNEY MEGALOUDIS DECLARATION EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEAH BASSETT,<br>    Plaintiff,<br><br>v.<br><br>MONICA JENSEN, d/b/a NICA NOELLE; JON BLITT,<br>in his Personal Capacity &z d/b/a MILE HIGH MEDIA,<br>ICON MALE, and TRANSSENSUAL; MILE HIGH<br>DISTRIBUTION, INC.; JOSHUA SPAFFORD, d/b/a<br>JOSHUA DARLING; APRIL CARTER, d/b/a DIANA<br>DEVOE; TLA ENTERTAINMENT GROUP, d/b/a TLA<br>GAY and TLA DISTRIBUTION; and GAMMA<br>ENTM'T, d/b/a CHARGEPAY B.V.,<br>    Defendants. | CIVIL ACTION<br>No. 18-cv-10576-PBS |

## <u>AGREED PROTECTIVE ORDER</u>

Pursuant to Massachusetts Rule of Civil Procedure 26(c) and in the interests of promoting an efficient and prompt resolution of this matter, facilitating discovery by, among and between the above-captioned Plaintiff, and Defendants Monica Jensen, Mile High Distribution and Jon Blitt, (Individually a "Party" and collectively the "Parties") and other persons, and protecting the Parties' trade secrets and other confidential research, development, proprietary and commercial information, as well as protecting other personal, sensitive and private information, the Parties hereby agree and stipulate to the provisions set forth below.  Upon good cause shown, it is ordered as follows:

**A.**    **Definitions**

1.    "Confidential Information" means the portions of any documents, depositions, transcripts, pleadings, exhibits, or other material (whether in hard copy, electronic, or any other

form) that contain information which a Party or non-party in good faith deems trade secrets or other confidential research, development, commercial, or personally identifiable information. A Party or non-party may designate such information confidential pursuant to Section B herein.

2.      "Disclose" means show, describe, divulge, reveal, produce, describe, transmit, or otherwise communicate, in whole or in part.

3.      "Document" means documents or electronically stored information as defined in Massachusetts Superior Court Rule 30A and Massachusetts Rule of Civil Procedure 34(a)(1)(A).

4.      "Person" means any natural person, corporate entity, partnership, association, joint venture, government entity, or trust.

5.      "Action" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

**B.      Designation of Confidential Information**

6.      The Parties hereby agree for purposes of this Confidentiality Order, to designate the following information as "Confidential Information":

a)      Defendant Monica Jensen's Responses to Plaintiff's Interrogatory Request Nos. 1, 3, 8, 9, 13, 14;

b)      Defendant Monica Jensen's Responses to First Set of Document Requests: Nos. 1, 5, 11, 12, 13; and

c)      Defendant Monica Jensen's Responses to Second Request for Documents Nos. 1, 2.

7.      The Parties agree that should they wish to designate any additional information as Confidential, they shall come before the Court and seek an amendment to have such information included within this Order.

**C.      Disclosure of Confidential Information**

8.     Except as authorized by this order, information designated as Confidential Information pursuant to this order shall be maintained in confidence and used only for purposes of this Action and shall not be disclosed to any person other than the following:

a.     The Parties to this Action and their employees or consultants, to the extent reasonably necessary to prosecute or defend this Action, including during depositions; the Parties' counsel in this Action (including in-house counsel); and the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary for counsel to render professional services in this Action;

b.     Experts or consultants (including their employees, associates, and support staff) retained by a Party in this action, insofar as the attorneys to the Party in this action deem it necessary to assist in the litigation of this matter to consult with such experts or consultants and to provide them information designated as Confidential Information;

c.     Witnesses subject to deposition in this Action, during the course of the witness's deposition, subject to the following conditions: (a) the witness executes the Certification to Abide by Agreed Protective Order, attached as Exhibit A to this order; or, if the witness has not executed the Certification to Abide by Agreed Protective Order, (b) not less than seven (7) days prior to the deposition, counsel shall notify the Party or non-party designating the information  as Confidential Information that counsel may disclose it to the witness during the course of the deposition; not less than four (4) days prior to the deposition, the designating Party shall serve objections as to the disclosure of any such Confidential Information; the relevant Parties and non-parties shall meet and confer; any such Confidential Information to which they are not able to reach agreement shall not be disclosed to the witness, absent an order from the Court.  No witness subject to deposition shall be permitted to retain a copy of any documents containing Confidential Information at the conclusion of the deposition;

d.     The Court and all persons assisting the Court in this Action, including judges and their staff, law clerks, court reporters, stenographic or clerical personnel, and jurors;

e.     Authors, addressees, or recipients of information designated as Confidential Information, to the extent such persons previously had lawful access to that information;

3

f.      Court reporters and videographers recording any deposition, hearing, or trial of this case;

g.      Mediators;

h.      Contractors or vendors, including their employees, involved in photocopying, scanning, stenography, videography, imaging, preparation of graphics, demonstratives, and audio or video productions or other exhibits for deposition, trial, or other court proceedings in this Action, organizing, filing, coding, converting, storing, retrieving data, or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system;

i.      Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

j.      Other persons only by written consent (whether electronic or hardcopy) of the Party or non-party who designated the information Confidential Information, and only if such persons execute the Certification to Abide by Agreed Protective Order, attached as Exhibit A to this order, unless such Certification is waived by written consent (whether electronic or hardcopy) of the designating party.

9.      Nothing in this order shall limit a Party's or non-party's use or disclosure of its own information, whether or not designated as Confidential Information by that Party or non-party.

10.     If a Party or non-party desires to include in or with any pleading, motion, exhibit, or other paper to be filed with the Court information designated as Confidential Information under this order, prior to making such filing, the Party or non-party shall file the Confidential Information under seal.

11.     All information produced or exchanged in connection with this Action, whether or not designated as Confidential Information under this order, shall be used solely for the purposes of conducting this Action and shall not be used for any other business, commercial, competitive, personal, legal, or other purpose.

**D.      Procedures Upon Termination of This Action**

12.      The provisions of this order shall survive the termination of this Action.

13.      Within 90 days after the conclusion in its entirety of this Action, including any appeals, all persons having received information designated as Confidential Information under this order must either make a good faith effort to return such information to the producing Party or non-party, or a good faith effort to destroy such information and certify that fact in writing (whether electronic or hardcopy) to the producing Party or non-party.  Counsel of record for the Parties may retain for archival purposes copies of court filings and deposition and trial transcripts and exhibits containing Confidential Information.

**E.  Miscellaneous**

14.      The provisions of this order are intended to be cumulative and in addition to any Party's right to seek further or different protection from the Court with respect to discovery in this Action.  The entry of this order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery, nor as a consent to produce any particular information in response to discovery.

15.      If a Party is served with any legal process, other than in this Action, seeking information designated as Confidential Information under this order, then within ten (10) days prior to producing any such information, the Party shall transmit the process to the party or non-party that designated the information as Confidential Information and shall reasonably cooperate with the Party or non-party who designated the information as Confidential Information to maintain the confidential status of the information.

16.     The Parties will work in good faith and use their best efforts to resolve disputes under this order and minimize unnecessary process while also protecting the confidentiality of information so designated under this order.

**SO ORDERED**, this __ day of September, 2019.

_____
Justice, United States District Court
District of Massachusetts

Protective Order Stipulated and consented to
by Defendants:


THE KAUFMAN LAW GROUP


By:_____
    Gary Jay Kaufman, Esquire
    Noam Reiffman, Esquire
    Attorneys for Defendants
    Mile High Distribution, Inc. and Jon Blitt



ROACH, IOANNIDIS & MEGALOUDIS

By: _____
Stephen A. Roach, Esquire
Natalie R. Megaloudis, Esquire
Attorneys for Monica Jensen, Mile High
Distribution, Inc., and Jon Blitt



AND:
On Behalf of Plaintiff,
By her attorney,



_____
John A. Taylor, Esquire
TAYLOR LEGAL COUNSEL
18 Central Square
Bristol, NH  03222

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| LEAH BASSETT, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | No. 18-cv-10576-PBS |
| | ) | |
| MONICA JENSEN, d/b/a NICA NOELLE; JON BLITT, | ) | |
| in his Personal Capacity &z d/b/a MILE HIGH MEDIA, | ) | |
| ICON MALE, and TRANSSENSUAL; MILE HIGH | ) | |
| DISTRIBUTION, INC.; JOSHUA SPAFFORD, d/b/a | ) | |
| JOSHUA DARLING; APRIL CARTER, d/b/a DIANA | ) | |
| DEVOE; TLA ENTERTAINMENT GROUP, d/b/a TLA | ) | |
| GAY and TLA DISTRIBUTION; and GAMMA | ) | |
| ENTM'T, d/b/a CHARGEPAY B.V., | ) | |
| Defendants. | ) | |

_____

## **CERTIFICATION TO ABIDE BY AGREED PROTECTIVE ORDER**

By signing this document, I hereby certify that I have received and read a copy of the

Agreed Protective Order entered in connection with the above-captioned case, that I understand

the provisions prohibiting the disclosure or use of Confidential Information, and that I agree to

be bound by all provisions of the Agreed Protective Order.  I also understand that any violation

of the Agreed Protective Order by me or anyone acting under my direction may subject me to

penalties for contempt of court.  I hereby consent to the Court's personal jurisdiction over me

solely for the purposes of enforcing this certification and the Agreed Protective Order.

Date: _____          _____
                                    SIGNATURE


                                    _____
                                    NAME (PRINTED)

9

# ATTORNEY MEGALOUDIS DECLARATION EXHIBIT 4

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LEAH BASSETT, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | No. 18-cv-10576-PBS |
| | ) | |
| MONICA JENSEN, d/b/a NICA NOELLE; JON BLITT, in his Personal Capacity & d/b/a MILE HIGH MEDIA, ICON MALE, and TRANSSENSUAL; MILE HIGH DISTRIBUTION, INC.; JOSHUA SPAFFORD, d/b/a JOSHUA DARLING; APRIL CARTER, d/b/a DIANA DEVOE; TLA ENTERTAINMENT GROUP, d/b/a TLA GAY and TLA DISTRIBUTION; and GAMMA ENTM'T, d/b/a CHARGEPAY B.V., WILLIAM GRAY, d/b/a BILLY SANTORO, and FIORE J. BARBINI, d/b/a HUGH HUNTER, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT MONICA JENSEN'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Monica Jensen ("Jensen") responds to the Plaintiff's Second Set of Requests for Production of Documents as follows.

1

## OBJECTIONS TO ALL REQUESTS:

**First,** Jensen objects to these additional Requests on the grounds that they exceed the limit permitted under Local Rule 26.1 (c).  Specifically, Defendants Jensen and Jon Blitt "(Blitt") have already both responded to the Plaintiff's First Set Of Documents Requests and provided many records.  Also, Defendant High Distribution, Inc. ("Mile High"), has provided copies of multiple films and other information to the Plaintiff.

**Second,** Jensen further objects on the grounds that a hearing was held on January 9, 2019 on the Plaintiff's Motion to Compel Discovery dated November 6, 2019 and the Court entered some limited, conditional orders. The Court entered no order specific to Jensen.

## RESPONSES SUBJECT TO THE FOREGOING OBJECTIONS

**Request 1:** With respect to the entity identified as Toaster Kidd, Inc., please produce a copy of the Articles of Incorporation; the By-Laws in existence circa 2014-15; the names and addresses for all Resident Agents for the years 2014-to-present; and, the Annual Reports, however termed, that have been filed for the years 2014-to-present in that entity's State of incorporation.

**Response 1:**  Jensen incorporates by reference her two objections set forth above.  Without waiving, expressly reserving, and subject to the foregoing objections, Jensen no longer has such records.   Jensen produces, however, a copy of an internet entry dated December 27, 2018 indicating that Toaster Kidd, Inc. was filed in the State of California on November 7, 2013 and is no longer active.  Also, such records likely are accessible to the public and can be found with the appropriate department of the State of California.

2

# ATTORNEY MEGALOUDIS DECLARATION EXHIBIT 5

# Toaster Kid, Inc. Overview

Toaster Kid, Inc. filed as an **Articles of Incorporation** in the **State of California** and is **no longer active**. This corporate entity was filed approximately five years ago on Thursday, November 7, 2013 , according to public records filed with **California Secretary of State**.


From the Internet  -12.27.2018