**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAH BASSETT,<br><br>Plaintiff,<br><br>v.<br><br>MONICA JENSEN,<br>JON BLITT,<br>MILE HIGH DISTRIBUTION, INC.,<br>JOSHUA SPAFFORD,<br>APRIL CARTER,<br>GAMMA ENTERTAINMENT,<br>WILLIAM GRAY, and<br>FIORE J. BARBINI,<br><br>Defendants. | Civil Action<br>No. 18-10576-PBS |

**ORDER**

October 24, 2019

Saris, C.J.

In the winter of 2014-2015, Plaintiff Leah Bassett rented her home on Martha's Vineyard to Defendant Joshua Spafford. Spafford and other individuals -- including Defendants Monica Jensen and April Carter -- then used the home as a location for shooting pornographic films and photographs. The films and photographs were made at the behest of Defendant Mile High Distribution, Inc. ("Mile High") which produced and distributed them under its marketing labels "Icon Male" and "Transsensual." In March 2015, after Spafford attempted to sublet the property

to Jensen, Bassett discovered the Defendants were using her home to film and shoot pornography. Bassett then terminated the lease.

Three years later, in March 2018, Bassett brought this lawsuit asserting claims for breach of contract, trespass, negligence, violations of Chapter 93A, conspiracy, fraud, intentional infliction of emotional distress, interference with advantageous relations, copyright infringement, RICO violations, and defamation. Now, nearly a year and a half after first filing this lawsuit, Bassett asks the Court for a preliminary injunction enjoining Defendants from "continuing to display images of [her] copyright-protected artworks in any manner or form by any person, entity and/or Internet site that falls within their legal means to prevent such continued displays."[1] She alleges that Defendants' films and photographs feature items from her home which are subject to copyright protection. Bassett owns three copyrights for "unpublished collections" covering more than 50 different items, like the fireplace and pillowcases in her home. She sought copyright protection after she learned

---

[1] In her original motion, Bassett also sought an injunction preventing "Defendants from creating, marketing, and/or selling adult entertainment/pornographic materials of any kind or description for commercial purposes within the United States . . . during the pendency of this lawsuit." Dkt. No. 62 at 1-2. In her reply brief and at the hearing held on October 16, 2019, however, she waived that request for relief.

the filming took place in her home. Bassett now claims that at least 33 of the covered items appear in Defendants' films, in some cases in multiple films on multiple occasions.

In order to obtain a preliminary injunction, the Court must consider "(1) the movant's likelihood of success on the merits; (2) the likelihood of the movant suffering irreparable harm; (3) the balance of equities; and (4) whether granting the injunction is in the public interest." Shurtleff v. City of Boston, 928 F.3d 166, 171 (1st Cir. 2019). While irreparable harm was once presumed when a party established a likelihood of success on the merits of her copyright claims, see Fritz v. Arthur D. Little, Inc., 944 F. Supp. 95, 98 (D. Mass. 1996), that is no longer the law, see Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 981 (9th Cir. 2011) (rejecting presumption of irreparable harm in copyright case following Supreme Court decisions in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006), and Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)); Salinger v. Colting, 607 F.3d 68, 80 (2d Cir. 2010) (same); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 37 (1st Cir. 2011) (suggesting without deciding that presumption of irreparable harm was no longer valid in intellectual property cases after eBay and Winter).

Here, Bassett's motion must fail because she has not presented any evidence of irreparable harm that will result from

the continued distribution of pornographic films and photographs shot in her home. There are multiple reasons why Bassett cannot make the requisite showing. First, she has disavowed any claim to actual damages and is instead pursuing statutory damages against Defendants. Second, all of the copyrighted items were her personal belongings; they were not for sale nor is there any evidence that she is in the business of selling or marketing similar items. In other words, the types of irreparable harm that are most common in intellectual property cases -- i.e., reputational harm, tarnishment, dilution -- are not present. Third, she delayed three years in filing this lawsuit and then another year and a half in seeking a preliminary injunction. Her delay undercuts any argument she is at risk of suffering irreparable harm. Fourth, only a handful of the screenshots included with her motion feature copyrighted items, and those that do only show de minimis copying.[2] Fifth, Defendants have voluntarily agreed to remove from distribution all films and photographs that were shot at Bassett's home and are within their control. Although this does not extend to third parties who continue to distribute unauthorized versions of the films

[2] To be clear, the Court does not address the parties' arguments on the merits of Bassett's copyright claims. The Court will address those arguments at summary judgment.

and photographs, it is as much as the Court could achieve by entering a preliminary injunction against Defendants.

For the foregoing reasons, Bassett's motion for a preliminary injunction (Dkt. No. 62) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge