UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
LEAH BASSETT,
      Plaintiff

     vs.

                                    CIVIL ACTION
                                    No.18-cv-10576-PBS

MONICA JENSEN, d/b/a NICA NOELLE;
JON BLITT, personally and d/b/a MILE
  HIGH MEDIA, d/b/a ICON MALE;
  d/b/a TRANSSENSUAL;
MILE HIGH DISTRIBUTION, INC.;
ET ALS.
         Defendants
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S OPPOSITION RESPONSE TO DEFENDANTS' EVIDENTIARY-BASED MOTION TO STRIKE

Plaintiff Leah Bassett respectfully states her opposition to the pleading filed by the Mile

High-associated Defendants, titled "EVIDENTIARY OBJECTIONS" (Doc. 109), but which in

reality was a Motion to Strike "*the following purported items of evidence*" cited by Ms. Bassett in

support of her Opposition Response to Defendants' Summary Judgment Motion, and her own

Cross-Motion for Partial Summary Judgment respectively. Those two items were: (1.) An

Affidavit of Joshua Spafford, dated October 6, 2019 (Doc. 74-1); and, (2.) Joshua Spafford's

Response Letter/email, dated November 9, 2015, to Ms. Bassett's 93A Demand Letter (Doc. 98-

2).

The stated grounds for their objections as to each of those items were quite technical in

nature, and should have been readily "correctible" by agreement if Defendants' counsel had

notified the undersigned counsel in advance in compliance with Local Rule 7.1. As matters stand,

those stated objections have been remedied, and both items are being re-submitted with Ms.

Bassett's Reply Memo of even date as part of an Amended Affidavit of Joshua Spafford, dated February 13, 2020. As explained more fully:

## A. The prior Affidavit of Joshua Spafford

Defendants objection to the originally-filed Spafford Affidavit was based on three stated grounds, -- each of which have been fully "remedied", even if needlessly so, per his Amended Affidavit.

Their first objection stemmed from the fact the prior Affidavit was a modified version of a much longer document that Mr. Spafford was in the process of drafting when he was asked to execute it in a much shorter, more pertinent in the undersigned counsel's view, and completed format as a verified Affidavit. He did so, while noting therein that he was skipping from numbered paragraph 3 to paragraphs 53 et seq. in the shorter, but executed, version. Defendants appear to believe that they have some legitimate right to see it in the longer version that he was working on at the time. While Ms. Bassett's counsel disagrees with the logic of their position, Mr. Spafford was asked to complete the Affidavit in the "long version" that he had originally started and intended, and forward it as an executed and verified Amended Affidavit in replacement of his prior one. He did so, and Defendants can now satisfy their curiosity or concern by seeing that para.s 4 through 52 consist of a somewhat disjointed identification and commentary in roughly chronological order of all of his emailed communications still in his possession between himself and "Nica" (Ms. Jensen) and/or Jon Blitt in the years 2014 and 2015.

Their second objection contended that Mr. Spafford's electronic signature did not comply with U.S. Dist. Ct. Rules D. Mass., CM/ECF Admin, subs. M (3). While their Motion fails to quote that provision, it reads in pertinent part:

   M. **Signature**... (3.) *Affidavits. Except as provided in subsection L, affidavits shall be*

*filed electronically; however, the electronically filed version must contain a "/s/ name of signatory" block indicating that the paper document bears an original signature... The court will also accept a scanned version of the original, signed document.*

Mr. Spafford's electronic signature to his Affidavit, dated October 6, 2019, reads as follows:

/s/ Joshua Spafford

Evidently, Defendants' objection is based **solely** on the fact that it wasn't underlined.  That rather pedantic "defect" has been remedied in the Amended Affidavit by having Mr. Spafford underline his electronic signature (while forwarding a version with his hand-signed signature to me).

Their third objection questioned the sufficiency of his verification clause, which reads: *"Signed under the pains and penalties of perjury as to all matters stated herein that fall within my personal knowledge and present memory on the 6th day of October, 2019."*  Noting that his Affidavit stated therein that he was a U.S. citizen residing in the Philippines, they still insisted that he needed to specify that he *"must swear and subscribe under the laws of the United States, and must indicate that all 'the foregoing is true and correct.'"*  While that also seems like a rather pedantic grounds of objection, Mr. Spafford has revised his Verification Clause in the Amended Affidavit.

Since Defendants did not raise **any** substantive objections to the contents of Mr. Spafford's prior Affidavit, while insisting as to their right and need to see it filed in its full version form, their Motion to Strike is presumably now moot with respect to the substitution of it as an Amended Affidavit.

## B. The Email from Joshua Spafford

Defendants objected to Ms. Bassett's references in her Opposition Memo to Mr. Spafford's formal Response Letter via email that he had made with respect to the 93A Demand Letter that

had been addressed jointly to him, Co-defendant Jensen, and Co-defendant Blitt/Mile High, also on three grounds.

Their first objection was that it appeared to be incomplete due to a missing page. That proved upon review to be entirely correct. Due to some inadvertent error, presumably in the scanning process, the last page, consisting of two lines and Mr. Spafford's signature was omitted. Related thereto, their second objection complained that there was "*no accompanying declaration attesting to its completeness, authenticity, or otherwise.*" Their third objection was that the statements made therein by Mr. Spafford, being relied upon "*in a manner akin to an affidavit... are not made under oath or penalty of perjury.*"

All three of those claimed errors have been remedied by having Mr. Spafford himself attach a complete copy of that letter/email to his Amended Affidavit, along with the requested attestation statements made thereto.

Again, Defendants did not raise **any** substantive objections to the contents of his 93A Response Letter, and so their Motion to Strike it is presumably now moot via the correction of those three technical errors.

LEAH BASSETT

By her attorney,

Date:  February 14, 2020

John A. Taylor, Esq.
BBO# 493400
18 Central Square
Bristol, NH  03222
(603) 530-2160
jataylor317@gmail.com

## Certificate of Service

The undersigned John A. Taylor, Esq. hereby certifies that a copy of this Opposition Response will be transmitted on the above-stated date, electronically to the registered counsel of record as identified on the Court's Notice of Electronic Filing system.

John A. Taylor, Esq.