**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                             )
LEAH BASSETT,                )
                             )
            Plaintiff,       )
                             )
       v.                    )
                             )   Civil Action
MONICA JENSEN, JON BLITT,    )   No. 18-10576-PBS
MILE HIGH DISTRIBUTION, INC.,)
JOSHUA SPAFFORD, APRIL CARTER,)
GAMMA ENTERTAINMENT, WILLIAM GRAY, )
and FIORE J. BARBINI,        )
                             )
            Defendants.      )
_____)
```

**ORDER RE SUPPLEMENTAL FILING**
**RE COPYRIGHT CLAIMS**

August 6, 2020

Saris, D.J.

On May 11, 2020, this Court issued a Memorandum and Order allowing in part and denying in part Defendants' motion for summary judgment, as well as denying in part Plaintiff's cross-motion for summary judgment. Dkt. 115.

On Bassett's copyright claim, the Court determined that it lacked an adequate record to rule on Defendants' argument that their use of Bassett's copyrighted works was de minimis and therefore non-infringing. Dkt. 115 at 16. Accordingly, the Court "defer[red] ruling on both parties' motions as to the copyright claim (Count IX) pending Bassett's submission, within 45 days, of a spreadsheet or other analysis that describes exactly how long each copyrighted work

appears in each film, with accompanying screenshots for each period of time." Dkt. 115 at 42. The Court laid out the applicable legal standards in its prior order, Dkt. 115 at 12-15, and does not repeat them here except to reiterate that even works featured in a background are entitled to copyright protection where they are "clearly visible," such that the medium and style would be discernable to "the average lay observer." See Ringgold v. Black Entm't Television, Inc., 126 F.3d 70, 77 (2d Cir. 1997).

Bassett submitted to this Court tables of contents for each of Defendants' ten films accompanied by hundreds of pages of screenshots. Dkt. 120 et seq. Based on these submissions, the Court concludes that at least one of Bassett's copyrighted works appears in each of the ten films in a greater than de minimis capacity -- specifically, at least one work is clearly visible for at least 30 seconds (at one time or in aggregate) in each of the ten films, as described below:[1]

- Ex. I ("TS Superstar"), Sub-Exhibit A (colorful geometric paintings above couch appearing, prominently and often fully, for over four minutes).

- Ex. II ("My TS Student"), Sub-Exhibit B (black and white wall hanging above bed appearing for approximately three minutes)

---

[1] This list includes only one example per film and is not intended to be exhaustive. Other works may also appear in a greater than de minimis capacity within the films, but the Court leaves the full analysis for an expert damages report.

- Ex. III ("His Son's Best Friend"), Sub-Exhibit B (green wall hangings above bed appearing throughout nine-minute scene)
- Ex. IV ("Gay Massage House, vol. 3"), Sub-Exhibit A (green wall hangings above bed appearing throughout four-minute scene)
- Ex. V ("Schoolboy Fantasies 2"), Sub-Exhibit C (green wall hangings above bed appearing throughout four-minute scene)
- Ex. VI ("Brothers"), Sub-Exhibit B (black and white wall hanging above bed appearing during several scenes, including in full during 35-second scene)
- Ex. VII ("Daddy's Big Boy"), Sub-Exhibit A (substantial majority of maroon and white floral wall hanging appearing throughout three-minute scene)
- Ex. VIII ("Forgive Me Father, vol. 2"), Sub-Exhibit A (black and white wall hanging appearing throughout four-and-a-half-minute scene, often in full or minimally obstructed)
- Ex. IX ("Iconic Encounters: Fathers & Sons"), Sub-Exhibit A (compilation title including scene from Ex. III with green wall hangings)
- Ex. X ("Icon Male Exclusive"), Sub-Exhibit A (compilation title including scene from Ex. VII with black and white wall hanging)

Accordingly, Plaintiff's motion for summary judgment as to liability on Count IX (Dkt. 99) is **ALLOWED**. Defendants' motion for summary judgment as to Count IX (Dkt. 86) is **DENIED**.

Within 30 days, Plaintiff shall produce an expert report to determine the appropriate measure of damages for works that appear in each film for a greater than de minimis capacity, meaning a substantial majority of the copyrighted work is "clearly visible" for at least 30 seconds in aggregate. See Ringgold, 126 F.3d at 77. The report should clearly describe, for each film, which works appear in a greater than de minimis capacity. Defendants shall submit their expert report 30 days thereafter. Parties shall then have 30 days to conduct expert depositions.

A jury trial is set to begin on February 1, 2021 at 9:00 am. A pretrial conference is set for January 14, 2021 at 2:30 pm. Parties shall refer to the concurrently filed pretrial order for the filing dates of pretrial materials.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge